UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHANDRA BAILEY-TODD,            ) | |
| ) | |
| Plaintiff,     ) | Cause No. _____ |
| ) | |
| v.            ) | Circuit Court of the City of St. Louis, |
| ) | Missouri |
| THE WASHINGTON UNIVERSITY,     ) | Cause No. 1422-CC00239 |
| d/b/a Washington University in St. Louis,   ) | Div. 1 |
| a domestic corporation, and            ) | |
| CYNTHIA WILLIAMS,            ) | JURY TRIAL DEMANDED |
| ) | |
| Defendants.     ) | |

## NOTICE OF REMOVAL

Defendants The Washington University ("University") and Cynthia Williams ("Williams"), pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, and expressly reserving all rights otherwise to respond to this lawsuit, hereby give notice of removal of the civil action captioned Chandra Bailey-Todd v. The Washington University and Cynthia Williams, No. 1422-CC00239, from the Missouri Circuit Court for the Twenty-Second Judicial Circuit (St. Louis City) (the "state court action") to the United States District Court for the Eastern District of Missouri, Eastern Division.  As grounds for removal, defendants state as follows:

1. Plaintiff Chandra Bailey-Todd commenced the state court action on January 30, 2014.  Defendants obtained a copy of the petition on January 31, 2014, and defendants' counsel notified plaintiff's counsel that it would accept service for

defendants on the same date.  A copy of the state court petition is attached hereto as Exhibit A.

2. Defendants have filed this Notice of Removal within 30 days of receipt, through service or otherwise, of a copy of the plaintiff's original petition, pursuant to 28 U.S.C. § 1446(b).  Therefore, this Notice of Removal, filed February 27, 2014, is timely.

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1441 because Counts IV, V and VI of the petition arise under federal law, namely, the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 et seq., and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and because the petition otherwise expressly invokes federal subject matter jurisdiction.

4. Count IV of the petition (titled "Wrongful Termination in Violation of the Family and Medical Leave Act") alleges that defendant University terminated plaintiff "in retaliation for Plaintiff's utilization of the protections provided under FMLA," claims she was "discharged in violation of the Family [sic] Medical Leave Act," and "seeks to recover damages under an Act of Congress which provides for the protection of persons who take family or medical leave, namely the Family [sic] Medical Leave Act." *Pet*. ¶¶ 60-71.

5. Count V of the petition (titled "Wrongful Termination in Violation of the Family and Medical Leave Act, 29 U.S.C. §§ 2611 et seq. against Cynthia Williams") alleges that defendant Williams terminated plaintiff "in retaliation for Plaintiff's utilization of the protections provided under FMLA," claims she was "discharged in violation of the Family [sic] Medical Leave Act," and "seeks to recover damages under

an Act of Congress which provides for the protection of persons who take family or medical leave, namely the Family [sic] Medical Leave Act." *Pet.* ¶¶ 73-84.

6. The petition further expressly alleges that plaintiff is an "eligible employee" under the FMLA and that the University is qualified as an employer under the FMLA.  *Pet.* ¶¶ 62-63, 75-76.

7. Count VI of the petition (titled "Wrongful Termination in Violation of the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3)") alleges that "Plaintiff engaged in activity protected by the Fair Labor Standards Act when she reported that she had been misclassified under the FLSA," that "Washington University retaliated against Plaintiff for complaining about being misclassified under the FLSA by terminating Plaintiff's employment," and that she is entitled to damages provided by the FLSA.  *Pet.* ¶¶ 86-89.

8. Moreover, Count III of the petition, a state law claim for wrongful discharge in violation of public policy, raises a substantial question of federal law by alleging that plaintiff was retaliated against for reporting she was misclassified as an exempt employee under FLSA.  *Pet.* ¶¶ 53-55.

9. On the face of the petition, it is thus clear that this case arises under federal law and is therefore removable pursuant to 28 U.S.C. §§ 1331 and 1441 because three counts expressly assert claims and seek remedies under the FMLA and FLSA.  *See Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 693-700, 123 S. Ct. 1882, 1884-87 (2003) (FLSA claim properly removed); *Chapman v. Washington Univ.*, No. 4:12-CV-1892 CAS, 2013 WL 618153, at *2 (E.D. Mo. Feb. 19, 2013) (same); *Kennedy v. Wilkes Printing & Direct Mail, Inc.*, No. 4:07-CV-1333 DJS, 2008 WL 4948457, at *1

(E.D. Mo. Nov. 10, 2008) (FMLA action properly removed); *Hardwick v. Blackwell Sanders Peper Martin*, No. 05-859-CV-W FJG, 2006 WL 3841542, at *2 (W.D. Mo. Dec. 29, 2006) (same).

10. Upon filing this Notice of Removal, defendants will provide written notification to plaintiff and will file an Acknowledgement of Removal attaching a copy of this Notice of Removal with the Clerk of the Circuit Court of the City of St. Louis, Missouri.

11. St. Louis City is within the Eastern District of Missouri.[1]

12. This action is not an action described in 28 U.S.C. § 1445.

13. No admission of fact, law or liability is intended by this Notice, and all defenses, affirmative defenses and motions are hereby reserved.

14. Defendants file herewith as Exhibit B copies of the entire state court file, and of all process, pleadings and orders received by defendants in connection with the state court action.

WHEREFORE, defendants The Washington University and Cynthia Williams pray that this Court accept jurisdiction of this action.

DATED this 27th day of February, 2014.

---

[1] Defendants reserve all objections and defenses to the state court action venue because the action should properly be maintained in St. Louis County. However, such state court venue is irrelevant for purposes of jurisdiction or venue in this Court because both St. Louis County and the City of St. Louis are within the Eastern District of Missouri.

        KOHN, SHANDS, ELBERT,
GIANOULAKIS & GILJUM, LLP

/s/ Mark J. Bremer
Mark J. Bremer #24696MO
Kevin Anthony Sullivan #55140MO
1 North Brentwood Blvd., Suite 800
St. Louis, MO 63105
(314) 241-3963
(314) 241-2509 (fax)
mbremer@ksegg.com
ksullivan@ksegg.com

Attorneys for defendants

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 27th day of February, 2014, that a copy of the foregoing was mailed, postage prepaid, to Bret Kleefuss, Law Offices of Derald L. Gab, P.C., 1708 Olive, St. Louis, MO 63103, and Kristin Whittle Parke, 11901 Olive Blvd., Suite 200, First Bank Building, St. Louis, MO 63141.

/s/ Mark J. Bremer

5