CHANDRA BAILEY-TODD,       )
                                       )

       Plaintiff/Counterclaim Defendant,  )
                                       )

v.                                   )
                                       )

THE WASHINGTON UNIVERSITY   )   Cause No. 4:14-CV-00384
                                       )

and                                 )
                                       )

CYNTHIA WILLIAMS,         )
                                       )

       Defendants/Counterclaim Plaintiffs.  )

## DEFENDANTS' ANSWER AND COUNTERCLAIM

Defendants The Washington University ("University") and Cynthia Williams ("Williams"), for their answer to plaintiff's complaint (styled as a petition) and each count and paragraph thereof, state:

## ANSWER

## FACTS APPLICABLE TO ALL COUNTS

1.    Defendants admit that plaintiff is a female and otherwise state that they are presently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 1 and therefore deny same.

2.    Defendants admit that The Washington University is a corporation established by Act of the General Assembly of the State of Missouri approved February 22, 1853, and acts amendatory thereto, that defendant does business within the State of

Missouri, and that defendant has facilities within St. Louis City, and otherwise deny the allegations contained in paragraph 2 as framed.

3.      Defendants admit that Williams is an individual and resident of Missouri, that she was Director of Field Education in the Office of Field Education of the University's Brown School of Social Work, that she is an employee of the University, and that she was plaintiff's supervisor. Except as so expressly admitted, defendants deny the allegations of paragraph 3.

4.      Defendants admit that plaintiff was hired by the University as Events and Volunteer Coordinator in the Alumni and Parents Admissions Program on or about August 21, 2006, that plaintiff was promoted to Masters of Public Health Field Site Coordinator in the Brown School of Social Work on or about August 3, 2009, and that plaintiff's employment was terminated on May 1, 2012, and otherwise denies the allegations contained in paragraph 4 as framed.

5.      Defendants admit the allegations contained in paragraph 5.

6.      Defendants admit that plaintiff was a salaried employee and was classified as exempt from the Fair Labor Standard Act's overtime requirements by the University. Except as so expressly admitted, defendants deny the allegations of paragraph 6 as framed.

7.      Defendants admit the allegations contained in paragraph 7.

8.      Defendants deny the allegations contained in paragraph 8 as framed.

9.      Defendants deny the allegations contained in paragraph 9 as framed.

10.     Defendants deny the allegations contained in paragraph 10 as framed.

11.      Defendants deny the allegations contained in paragraph 11 as framed.

12.      For their response to paragraph 12, defendants state that they are presently without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 and therefore deny same.

13.      Defendants deny the allegations contained in paragraph 13.

14.      Defendants deny the allegations contained in paragraph 14.

15.      For their response to paragraph 15, defendants state that they are presently without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 and therefore deny same.

16.      For their response to paragraph 16, defendants state that they are presently without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 and therefore deny same.

17.      For their response to paragraph 17, defendants state that they are presently without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 and therefore deny same.

18.      Defendants admit that Kim McManemy met with plaintiff regarding Family and Medical Leave Act ("FMLA") leave and otherwise deny the allegations contained in paragraph 18 as framed.

19.      Defendants deny the allegations contained in paragraph 19.

20.      Defendants admit that Williams gave plaintiff a letter dated February 3, 2012 addressing plaintiff's performance problems and establishing goals and expectations and otherwise deny the allegations contained in paragraph 20 as framed.

21.     Defendants deny the allegations contained in paragraph 21.

22.     Defendants admit that plaintiff wrote memoranda dated February 10, 2012, state that the memoranda speak for themselves and are the best evidence of their contents, and otherwise deny the remaining allegations contained in paragraph 22.

23.     Defendants deny the allegations contained in paragraph 23.

24.     Defendants deny the allegations contained in paragraph 24.

25.     Defendants deny the allegations contained in paragraph 25.

26.     Defendants admit that Williams gave plaintiff a memorandum dated April 6, 2012, state that such memorandum speaks for itself and is the best evidence of its contents, and otherwise deny the remaining allegations contained in paragraph 26 as framed.

27.     Defendants deny the allegations contained in paragraph 27.

28.     Defendants admit that plaintiff's employment was terminated on May 1, 2012, and otherwise deny the remaining allegations in paragraph 28 as framed.

29.     Defendants deny the allegations contained in paragraph 29.

30.     For their response to paragraph 30, defendants admit that plaintiff filed a charge of discrimination, state that the charge of discrimination attached as Exhibit A to the complaint speaks for itself, and otherwise deny the allegations contained in paragraph 30 and in the incorporated charge of discrimination.

31.     For their response to paragraph 31, defendants admit that the Missouri Commission on Human Rights issued a Notice of Right to Sue letter dated November 13,

2013, state that the Notice of Right to Sue letter attached as Exhibit B to the complaint speaks for itself, and otherwise deny the allegations contained in paragraph 31.

## COUNT I: DISCRIMINATION BASED ON DISABILITY IN VIOLATION OF THE MISSOURI HUMAN RIGHTS AGAINST THE WASHINGTON UNIVERSITY

32.     The University[1] incorporates by reference the foregoing answers and responses to paragraphs 1 through 31, as if fully set forth herein.

33.     The University admits that plaintiff had the physical ability to perform her regular job duties and otherwise states that it is presently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 33 and therefore denies same.

34.     The University admits that plaintiff applied for and received FMLA leave and otherwise denies the remaining allegations contained in paragraph 34.

35.     The University denies the allegations contained in paragraph 35.

36.     The University denies the allegations contained in paragraph 36.

37.     The University denies the allegations contained in paragraph 37.

38.     Paragraph 38 states legal conclusions requiring no response.  To the extent a response is required, the University denies the allegations of paragraph 38 as framed.

39.     The University denies the allegations contained in paragraph 39.

40.     The University denies the allegations contained in paragraph 40.

---

[1] Defendant Williams does not answer this Count because it is not brought against her.

## COUNT II: RETALIATION IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT BY WASHINGTON UNIVERSITY

41.     The University[2] incorporates by reference the foregoing answers and responses to paragraphs 1 through 40, as if fully set forth herein.

42.     The University denies the allegations contained in paragraph 42.

43.     The University denies the allegations contained in paragraph 43.

44.     The University denies the allegations contained in paragraph 44.

45.     The University denies the allegations contained in paragraph 45.

46.     The University denies the allegations contained in paragraph 46.

47.     The University denies the allegations contained in paragraph 47.

48.     The University denies the allegations contained in paragraph 48.

49.     Paragraph 49 states legal conclusions requiring no response.  To the extent a response is required, the University denies the allegations of paragraph 49 as framed.

50.     The University denies the allegations contained in paragraph 50.

51.     The University denies the allegations contained in paragraph 51.

## COUNT III: WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY BY DEFENDANT WASHINGTON UNIVERSITY

52.     The University[3] incorporates by reference the foregoing answers and responses to paragraphs 1 through 51, as if fully set forth herein.

53.     The University denies the allegations contained in paragraph 53.

54.     The University denies the allegations contained in paragraph 54.

---

[2] Defendant Williams does not answer this Count because it is not brought against her.

[3] Defendant Williams does not answer this Count because it is not brought against her.

55.     The University denies the allegations contained in paragraph 55.

56.     The University denies the allegations contained in paragraph 56.

57.     The University denies the allegations contained in paragraph 57.

58.     The University denies the allegations contained in paragraph 58.

**COUNT IV: WRONGFUL TERMINATION IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT, 29 U.S.C. §§ 2611 *et seq.***

59.     The University[4] incorporates by reference the foregoing answers and responses to paragraphs 1 through 58, as if fully set forth herein.

60.     Paragraph 60 states legal conclusions requiring no response.  To the extent a response is required, the University denies the allegations of paragraph 60 as framed.

61.     The University admits that the University has facilities located within St. Louis City and transacts business within St. Louis City and otherwise denies the remaining allegations contained in paragraph 61.

62.     Paragraph 62 states legal conclusions requiring no response.  To the extent a response is required, the University admits that plaintiff was employed with the University for at least 12 months and that plaintiff provided at least 1,250 hours of service in the 12 month period preceding her termination and otherwise denies the factual allegations contained in paragraph 62 as framed.

63.     Paragraph 63 states legal conclusions requiring no response.  To the extent a response is required, the University admits that the University has employed 50

---

[4] Defendant Williams does not answer this Count because it is not brought against her.

employees within a 75-mile radius and otherwise denies the factual allegations contained in paragraph 63 as framed.

64.     For its response to paragraph 64, the University states that it is presently without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64 and therefore denies same.

65.     The University denies the allegations contained in paragraph 65.

66.     The University denies the allegations contained in paragraph 66.

67.     The University denies the allegations contained in paragraph 67.

68.     The University denies the allegations contained in paragraph 68.

69.     The University denies the allegations contained in paragraph 69.

70.     The University denies the allegations contained in paragraph 70.

71.     The University denies the allegations contained in paragraph 71.

### COUNT V: WRONGFUL TERMINATION IN VIOLATION
### OF THE FAMILY AND MEDICAL LEAVE ACT,
### 29 U.S.C. §§ 2611 *et seq.* AGAINST CYNTHIA WILLIAMS

72.     Williams[5] incorporates by reference the foregoing answers and responses to paragraphs 1 through 71, as if fully set forth herein.

73.     Paragraph 73 states legal conclusions requiring no response.  To the extent a response is required, Williams denies the allegations of paragraph 73 as framed.

74.     Williams admits that the University has facilities located within St. Louis City and transacts business within St. Louis City, but otherwise denies the remaining allegations contained in paragraph 74.

---

[5] Defendant University does not answer this Count because it is not brought against it.

75.     Paragraph 75 states legal conclusions requiring no response.  To the extent a response is required, Williams admits that plaintiff was employed with the University for at least 12 months and that plaintiff provided at least 1,250 hours of service in the 12 month period preceding her termination and otherwise denies the factual allegations contained in paragraph 75 as framed.

76.     Paragraph 76 states legal conclusions requiring no response.  To the extent a response is required, Williams admits the University has employed 50 employees within a 75-mile radius and otherwise denies the factual allegations contained in paragraph 76 as framed.

77.     For her response to paragraph 77, Williams states that she is presently without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 77 and therefore denies same.

78.     Williams denies the allegations contained in paragraph 78.

79.     Williams denies the allegations contained in paragraph 79.

80.     Williams denies the allegations contained in paragraph 80.

81.     Williams denies the allegations contained in paragraph 81.

82.     Williams denies the allegations contained in paragraph 82.

83.     Williams denies the allegations contained in paragraph 83.

84.     Williams denies the allegations contained in paragraph 84.

## COUNT VI: WRONGFUL TERMINATION AND RETALIATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 215(a)(3)

85.     The University[6] incorporates by reference the foregoing answers and responses to paragraphs 1 through 84, as if fully set forth herein.

86.     The University denies the allegations contained in paragraph 86.

87.     The University denies the allegations contained in paragraph 87.

88.     The University denies the allegations contained in paragraph 88.

89.     The University denies the allegations contained in paragraph 89.

## **DEFENSES**

For their further answers and defenses, defendants state:

1.     Plaintiff's complaint and each count thereof fails to state a claim upon which relief can be granted.

2.     Plaintiff's claim for "Wrongful Termination in Violation of Public Policy" is precluded to the extent other laws and regulations provide for an adequate remedy for any alleged retaliation.

3.     Plaintiff reported alleged violations of law to the alleged violator.

4.     Plaintiff's alleged reporting of misconduct and refusal to engage in conduct was not a factor in the cessation of plaintiff's employment with defendant.

5.     There was no violation of any law or instruction to plaintiff to violate any law.

_____

[6] Defendant Williams does not answer this Count because it is not brought against her.

6.      All actions were taken in good faith and in conformity with administrative regulations, orders, rulings, approvals, and interpretations.

7.      Plaintiff is not entitled to liquidated damages under the law.

8.      Plaintiff seeks remedies and damages not permitted under the law.

9.      On information and belief, plaintiff has failed to mitigate her damages.

10.     Plaintiff's claims and sought remedies are barred by estoppel, laches, waiver, unclean hands and other equitable grounds.

11.     Plaintiff's claims are without basis in fact or law and plaintiff is not entitled to any relief or damages, including, without limitation, equitable relief, backpay, front pay, compensatory or punitive damages, emotional distress damages, liquidated damages, costs or attorneys' fees against defendants.

12.     Plaintiff is not entitled to a jury trial on all claims and remedies sought in the complaint.

13.     Any disciplinary actions with respect to plaintiff were for legitimate, non-discriminatory reasons not related to disability or any unlawful reason.

14.     Any disciplinary actions with respect to plaintiff were for legitimate, non-retaliatory reasons not related to any alleged protected activity.

15.     Plaintiff's claims are duplicative and seek multiple recoveries for the same alleged injury.

16.     Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

17.     Plaintiff is not disabled within the meaning of the Missouri Human Rights Act, R.S.Mo. §§ 213.010 *et seq.*

18.     There is no causation or nexus between any alleged protected activity and the cessation of plaintiff's employment and other alleged adverse actions.

19.     Plaintiff lacked reasonable belief that any violation of law occurred and thus did not engage in protected activity.

20.     The University exercised reasonable care to prevent and promptly correct any alleged discrimination and retaliation, and plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by the University or to avoid harm otherwise.

21.     All actions were taken in good faith.

22.     Any law purporting to permit the recovery of punitive damages in this case is unconstitutional, both on its face and as applied in this case, in violation of the requirement of the Due Process and Equal Protection clauses of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Sections 2 and 10 of the Missouri Constitution in that said law: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and in determining the amount of any punitive damages award, (2) unconstitutionally permits a jury to award punitive damages merely upon proof by a preponderance of the evidence instead of requiring a heightened burden of proof, (3) unconstitutionally may permit jury consideration of defendant's net worth, (4) is void for vagueness in that it fails to afford constitutionally sufficient advance notice as to what conduct will result in

punitive sanctions, (5) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of a punitive award, (6) lacks constitutionally sufficient standards for appellate review of a punitive award, and (7) otherwise fails to satisfy constitutional requirements under applicable law.

WHEREFORE, having fully answered, defendants pray that this Court dismiss plaintiff's complaint and each count thereof with prejudice, award defendants their costs as allowed by law, and enter such further and other relief as the Court deems just and proper.

## COUNTERCLAIM

Counterclaim plaintiffs The Washington University ("University") and Cynthia Williams ("Williams") (collectively, "counterclaim plaintiffs"), pursuant to Fed. R. Civ. P. 13(a), for their counterclaim against Chandra Bailey-Todd ("Bailey-Todd"), state as follows:

1.     This counterclaim concerns actual disputes and controversies arising out of Bailey-Todd's employment with the University. Counterclaim plaintiffs seek a declaratory judgment from this Court, pursuant to 28 U.S.C. § 2201, declaring and decreeing the rights and liabilities of counterclaim plaintiffs, including that counterclaim plaintiffs in no way violated any federal or state laws or violated any of Bailey-Todd's rights under federal or state laws with respect to Bailey-Todd's employment with the University and the cessation of that employment.

## Parties, Jurisdiction and Venue

2.      The Washington University is a corporation established by Act of the General Assembly of the State of Missouri approved February 22, 1853, and acts amendatory thereto, doing business in and with facilities located in the Eastern District of Missouri.

3.      Cynthia Williams is an individual currently and at all relevant times herein residing in the Eastern District of Missouri.  Williams is employed by the University and is Director of Field Education in the Office of Field Education of the University's Brown School of Social Work.  At all relevant times herein, Williams was a supervisor of Bailey-Todd.

4.      Upon information and belief, Chandra Bailey-Todd is an individual who resided in the Eastern District of Missouri at all relevant times herein.  Upon information and belief, Bailey-Todd currently resides in the State of Arizona.

5.      This Court has federal question subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1331 because Bailey-Todd's complaint and this counterclaim necessarily raise substantial federal questions relating to, *inter alia*, alleged violations of and counterclaim plaintiffs' liability under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2611 et seq., Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq.

6.      This Court also has supplemental jurisdiction over the state-law counts of this counterclaim pursuant to 28 U.S.C. § 1367 because this counterclaim is so related to

and arises out of the same core of operative facts as the claims made in Bailey-Todd's complaint that it forms part of the same case or controversy under Article III of the United States Constitution.

7.      Venue is proper in the Eastern District of Missouri pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the counterclaims asserted herein occurred in the Eastern District of Missouri.

## Count I – Declaratory Judgment under the FLSA

8.      Counterclaim plaintiffs incorporate by reference paragraphs 1 through 7, as if fully set forth herein.

9.      This Count I presents an actual and justiciable controversy pursuant to 28 U.S.C. § 2201 in that Bailey-Todd has brought a lawsuit against the University for retaliation under the federal FLSA, in which Bailey-Todd seeks compensatory, liquidated, and other damages and relief.  *Compl.* Count VI.  Counterclaim plaintiffs deny that they violated the FLSA, that they owed Bailey-Todd any overtime wages under the FLSA, or that they retaliated in any way against Bailey-Todd in violation of the FLSA.

10.     Counterclaim plaintiffs did not at any time fail to pay overtime wages to Bailey-Todd due under the FLSA.

11.     Bailey-Todd was properly classified as an exempt employee and was not entitled to overtime pay pursuant to 29 U.S.C. § 213 and applicable regulations.

12.     Counterclaim plaintiffs did not take any adverse action against Bailey-Todd in retaliation for her alleged exercise of rights under the FLSA or for any other unlawful reason.

13.     Plaintiff did not have a reasonable belief that the FLSA was violated and thus did not engage in protected activity under the FLSA.

14.     Counterclaim plaintiffs have good, meritorious and sufficient defenses to Bailey-Todd's FLSA claim.

15.     Counterclaim plaintiffs are entitled to a declaratory judgment, pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, adjudging and decreeing that they did not violate the FLSA or Bailey-Todd's rights thereunder and that they are not liable to Bailey-Todd under the FLSA, declaring that their asserted defenses are meritorious, declaring that Bailey-Todd is not entitled to any legal, equitable or other relief under the FLSA, and declaring that Bailey-Todd was properly classified as an exempt employee under the FLSA.

WHEREFORE, The Washington University and Cynthia Williams pray that this Court make and enter the following declaration, decree and final judgment:

a.     That counterclaim plaintiffs did not violate the FLSA or fail to pay Bailey-Todd any overtime wages;

b.     That counterclaim plaintiffs did not take any adverse action against Bailey-Todd in retaliation for any alleged exercise of rights under the FLSA;

c.     That counterclaim plaintiffs' asserted defenses are meritorious;

d.     That Bailey-Todd is not entitled to any legal, equitable or other relief against counterclaim plaintiffs under the FLSA;

e.     That Bailey-Todd was properly classified as an exempt employee under the FLSA;

f.     That counterclaim plaintiffs be awarded a judgment for their attorneys' fees, costs and expenses herein as permitted by law; and

g.     That the Court make and enter such other and further orders and relief as are just and proper.

## Count II – Declaratory Judgment under the FMLA

16.     Counterclaim plaintiffs incorporate by reference paragraphs 1 through 7, as if fully set forth herein.

17.     This Count II presents an actual and justiciable controversy pursuant to 28 U.S.C. § 2201 in that Bailey-Todd has brought a lawsuit against the University and Williams for retaliation under the federal FMLA, in which Bailey-Todd seeks compensatory, liquidated, punitive, and other damages and relief. *Compl.* Counts IV and V.  Counterclaim plaintiffs deny that they violated the FMLA or that they retaliated in any way against Bailey-Todd in violation of the FMLA.

18.     Counterclaim plaintiffs did not at any time deny Bailey-Todd leave under the FMLA.

19.     Counterclaim plaintiffs did not take any adverse action against Bailey-Todd in retaliation for her alleged exercise of rights under the FMLA or for any other unlawful reason.

20.     Plaintiff did not have a reasonable belief that the FMLA was violated and thus did not engage in protected activity under the FMLA.

21.     Counterclaim plaintiffs have good, meritorious and sufficient defenses to Bailey-Todd's FMLA claims.

22. Counterclaim plaintiffs are entitled to a declaratory judgment, pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, adjudging and decreeing that they did not violate the FMLA or Bailey-Todd's rights thereunder and that they are not liable to Bailey-Todd under the FMLA, and declaring that Bailey-Todd is not entitled to any legal, equitable or other relief under the FMLA.

WHEREFORE, The Washington University and Cynthia Williams pray that this Court make and enter the following declaration, decree and final judgment:

a. That counterclaim plaintiffs did not violate the FMLA or deny Bailey-Todd leave under the FMLA;

b. That counterclaim plaintiffs did not take any adverse action against Bailey-Todd in retaliation for any alleged exercise of rights under the FMLA;

c. That counterclaim plaintiffs' asserted defenses are meritorious;

d. That Bailey-Todd is not entitled to any legal, equitable or other relief against counterclaim plaintiffs under the FMLA;

e. That counterclaim plaintiffs be awarded a judgment for their attorneys' fees, costs and expenses herein as permitted by law; and

f. That the Court make and enter such other and further orders and relief as are just and proper.

## Count III – Declaratory Judgment under the ADA

23. Counterclaim plaintiffs incorporate by reference paragraphs 1 through 7, as if fully set forth herein.

24.     This Count III presents an actual and justiciable controversy pursuant to 28 U.S.C. § 2201 in that Bailey-Todd filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and Missouri Commission on Human Rights ("MCHR") on October 24, 2012 (attached as Exhibit A to the complaint) against the University for disability discrimination and retaliation under the ADA. Counterclaim plaintiffs deny that they have discriminated and/or retaliated in any way against Bailey-Todd in violation of the ADA.

25.     This Count III further presents an actual and justiciable controversy pursuant to 28 U.S.C. § 2201 because the disability discrimination and retaliation claims alleged by Bailey-Todd under the ADA arise out of the same core of operative facts and occurrences as the claims alleged in Bailey-Todd's complaint.

26.     Counterclaim plaintiffs did not take any adverse action against Bailey-Todd based on any alleged or perceived disability or in retaliation for her alleged exercise of rights under the ADA or for any other unlawful reason.

27.     Plaintiff did not have a reasonable belief that the ADA was violated and thus did not engage in protected activity under the ADA.

28.     Counterclaim plaintiffs have good, meritorious, and sufficient defenses to Bailey-Todd's ADA claims, including, but not limited to, that Bailey-Todd was not disabled or perceived as disabled under the ADA, that Bailey-Todd did not request a reasonable accommodation under the ADA, that counterclaim plaintiffs had legitimate, non-discriminatory and non-retaliatory reasons for their alleged treatment of Bailey-

Todd, and that there is no causation between Bailey-Todd's alleged protected activity and the cessation of her employment.

29.     Counterclaim plaintiffs are entitled to a declaratory judgment, pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, adjudging and decreeing that they did not violate the ADA and that they are not liable to Bailey-Todd under the ADA, declaring that their asserted defenses are meritorious, and declaring that Bailey-Todd is not entitled to any legal, equitable or other relief under the ADA.

WHEREFORE, The Washington University and Cynthia Williams pray that this Court make and enter the following declaration, decree and final judgment:

a.      That counterclaim plaintiffs did not violate the ADA;

b.      That counterclaim plaintiffs did not take any adverse action against Bailey-Todd based on her alleged disability or in retaliation for any alleged exercise of rights under the ADA;

c.      That counterclaims plaintiffs' asserted defenses are meritorious;

d.      That Bailey-Todd is not entitled to any legal, equitable or other relief against counterclaim plaintiffs under the ADA;

e.      That counterclaim plaintiffs be awarded a judgment for their attorneys' fees, costs and expenses herein as permitted by law; and

f.      That the Court make and enter such other and further orders and relief as are just and proper.

## Count IV – Declaratory Judgment on Missouri Human Rights Act Claims

30.     Counterclaim plaintiffs incorporate by reference paragraphs 1 through 7, as if fully set forth herein.

31.     This Count IV presents an actual and justiciable controversy pursuant to 28 U.S.C. § 2201 in that Bailey-Todd has brought a lawsuit against the University for disability discrimination and retaliation against the University, in which she seeks compensatory, punitive and other damages and relief. *Compl.* Counts I, II.  Counterclaim plaintiffs deny that they have discriminated and/or retaliated in any way against Bailey-Todd in violation of the MHRA.

32.     Counterclaim plaintiffs did not take any adverse action against Bailey-Todd based on any alleged or perceived disability or in retaliation for her alleged exercise of rights under the MHRA or for any other unlawful reason.

33.     Plaintiff did not have a reasonable belief that the MHRA was violated and thus did not engage in protected activity under the MHRA.

34.     Counterclaim plaintiffs have good, meritorious, and sufficient defenses to Bailey-Todd's MHRA claims, including, but not limited to, that Bailey-Todd was not disabled or perceived as disabled under the MHRA, that Bailey-Todd did not request a reasonable accommodation under the MHRA, that counterclaim plaintiffs had legitimate, non-discriminatory and non-retaliatory reasons for their alleged treatment of Bailey-Todd, and that there is no causation between Bailey-Todd's alleged protected activity and the cessation of her employment.

WHEREFORE, The Washington University and Cynthia Williams pray that this Court make and enter the following declaration, decree and final judgment:

a.    That counterclaim plaintiffs did not violate the MHRA;

b.    That counterclaim plaintiffs did not take any adverse action against Bailey-Todd based on her alleged disability or in retaliation for any alleged exercise of rights under the MHRA;

c.    That counterclaims plaintiffs' asserted defenses are meritorious;

d.    That Bailey-Todd is not entitled to any legal, equitable or other relief against counterclaim plaintiffs under the MHRA;

e.    That counterclaim plaintiffs be awarded a judgment for their attorneys' fees, costs and expenses herein as permitted by law; and

f.    That the Court make and enter such other and further orders and relief as are just and proper.

### Count V – Declaratory Judgment on Wrongful Discharge in Violation of Public Policy Claim

35.    Counterclaim plaintiffs incorporate by reference paragraphs 1 through 7, as if fully set forth herein.

36.    This Count V presents an actual and justiciable controversy pursuant to 28 U.S.C. § 2201 in that Bailey-Todd has brought a lawsuit against the University for wrongful discharge in violation of public policy, in which Bailey-Todd seeks compensatory, punitive and other damages and relief. *Compl.* Count III.  Counterclaim

plaintiffs deny that they discharged Bailey-Todd in violation of any public policy and that they discharged Bailey-Todd for her alleged assertion of any rights or public policy.

37.     Because Bailey-Todd's lawsuit alleges violations of the FLSA as one of the bases of her wrongful discharge claim, this Count V additionally involves and turns on substantial questions of federal law.

38.     Counterclaim plaintiffs did not take any adverse action against Bailey-Todd in retaliation for her alleged reporting of being misclassified under the FLSA or for any alleged exercise of rights under any public policy or for any other unlawful reason.

39.     Counterclaim plaintiffs did not take any adverse action against Bailey-Todd in retaliation for her alleged reporting of any violation of public policy or refusal to engage in conduct that would violate public policy.

40.     Plaintiff did not have a reasonable belief that the FLSA or any other law was violated and thus did not engage in protected activity under Missouri law.

41.     Counterclaim plaintiffs have good, meritorious and sufficient defenses to Bailey-Todd's wrongful discharge claims.

42.     Counterclaim plaintiffs are entitled to a declaratory judgment, pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, adjudging and decreeing that they did not wrongfully discharge Bailey-Todd in violation of public policy and that they are not liable to Bailey-Todd for any such discharge, declaring that their asserted defenses are meritorious, and declaring that Bailey-Todd is not entitled to any legal, equitable or other relief relating to the cessation of her employment with the University.

WHEREFORE, The Washington University and Cynthia Williams pray that this Court make and enter the following declaration, decree and final judgment:

a.    That counterclaim plaintiffs did not wrongfully discharge Bailey-Todd in violation of public policy;

b.    That counterclaim plaintiffs did not take any adverse action against Bailey-Todd in retaliation for her alleged reporting of any wrongdoing or misconduct or for any alleged exercise of rights under any public policy or for any other unlawful reason;

c.    That counterclaims plaintiffs' asserted defenses are meritorious;

d.    That Bailey-Todd is not entitled to any legal, equitable or other relief against counterclaim plaintiffs;

e.    That counterclaim plaintiffs be awarded a judgment for their attorneys' fees, costs and expenses herein as permitted by law; and

f.    That the Court make and enter such other and further orders and relief as are just and proper

KOHN, SHANDS, ELBERT,
GIANOULAKIS & GILJUM, LLP

/s/ Mark J. Bremer
Mark J. Bremer #24696MO
Kevin Anthony Sullivan #55140MO
1 North Brentwood Blvd., Suite 800
St. Louis, MO 63105
(314) 241-3963
(314) 241-2509 (fax)
mbremer@ksegg.com
ksullivan@ksegg.com

Attorneys for defendants

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 27 day of February, 2014, that a copy of the foregoing was mailed, postage prepaid, to Bret Kleefuss, Law Offices of Derald L. Gab, P.C., 1708 Olive, St. Louis, MO 63103, and Kristin Whittle Parke, 11901 Olive Blvd., Suite 200, First Bank Building, St. Louis, MO 63141.


/s/ Mark J. Bremer _____