UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHANDRA BAILEY-TODD, | ) |
| Plaintiff/Counterclaim Defendant, | ) |
| | ) No. 4:14CV00384 TIA |
| v. | ) |
| | ) |
| THE WASHINGTON | ) |
| UNIVERSITY, et al., | ) |
| Defendants/Counterclaimants. | ) |

**MEMORANDUM AND ORDER**

Plaintiff/Counterclaim Defendant Chandra Bailey-Todd ("Plaintiff") brings this employment discrimination action against Defendants/Counterclaimants (collectively, "Defendants"), The Washington University ("the University") and one of its employees, Cynthia Williams ("Williams"); arising out of Plaintiff's employment with the University. Now before the Court is Plaintiff's motion to dismiss Defendants' five-count counterclaim for failure to state a claim upon which relief can be granted. (ECF No. 10.) Defendants oppose the motion and the matter is fully briefed. For the reasons set forth below, the Court will deny Plaintiff's motion.

I. **Background**

On January 30, 2014, Plaintiff filed a complaint in St. Louis City Circuit Court alleging multiple claims against the University. Specifically, Plaintiff alleges claims against the University for disability discrimination in violation of the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. § 213.010, *et seq.* (Count I); retaliation in violation of the MHRA, (Count II); and for wrongful discharge in violation of public policy, (Count III), under Missouri common law. Plaintiff further alleges claims against each of the Defendants for wrongful termination under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2611 *et seq.*,

(Counts IV and V); and a claim against the University for wrongful termination and retaliation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, (Count VI).

On the basis of these alleged violations of federal law, Defendants filed a timely petition for removal to this Court pursuant to 28 U.S.C. § 1441(c).[1] Following removal, Defendants answered the complaint and raised numerous affirmative defenses. In addition, Defendants asserted a five-count counterclaim under the Declaratory Judgment Act, 28 U.S.C. § 2201. In the counterclaim, Defendants seek declarations that they (1) are not liable to Plaintiff under the FLSA for overtime pay or retaliation (Count I); (2) did not violate the FMLA and are not liable to Plaintiff under the FMLA (Count II); (3) did not violate the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and are not liable to Plaintiff under the ADA (Count III); (4) did not violate the MHRA and are not liable to Plaintiff under the MHRA (Count IV); and (5) did not wrongfully discharge Plaintiff in violation of public policy and are not liable for Plaintiff's discharge (Count V). (ECF No. 6.) Defendants also seek attorney's fees and costs. *Id.*

Plaintiff moves to dismiss all counts of the counterclaim asserting that they are duplicative of the complaint and Defendants' affirmative defenses or, in the alternative, fail to state a claim upon which relief may be granted. Plaintiff further asserts that Counts I, II and III of the counterclaim should be dismissed because they fail to allege a justiciable, live controversy.

In response, Defendants assert that the motion to dismiss should be denied because: (1) at this early stage of the litigation, it is improper to dismiss a counterclaim for as duplicative or redundant; and (2) even if the motion were not premature, the counterclaim is not duplicative because it involves different statutes, parties and remedies from those raised in the complaint.

---

1   Plaintiff did not file a motion for remand and the Court finds no reason on the record before it to question the existence of federal subject matter jurisdiction here.

Defendants also contend that Counts I, II, and III of the counterclaim are justiciable because they relate to a live controversy and all facts needed to determine the parties' rights and liabilities have already occurred. Finally, Defendants contend that all allegations of the counterclaim are adequate to withstand dismissal for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil procedure 12(b)(6).

II. **Discussion**

    A. <u>Dismissal of Counterclaims for Declaratory Relief is Disfavored</u>

Counterclaims for declaratory relief may, in some cases, be subject to dismissal as redundant or duplicative. 3 James Wm. Moore et al., Moore's Federal Practice ¶ 13.41 (3d ed. 2012) (citing *Tenneco, Inc. v. Saxony Bar & Tube, Inc.,* 776 F.2d 1375, 1379 (7th Cir.1985)). However, because it may be difficult to determine prior to the completion of discovery whether a counterclaim for declaratory relief is in fact redundant, such dismissals are disfavored in the earlier phases of a suit. *Fidelity Nat'l Title Ins. Co. v. Captiva Lake Invs., LLC,* 788 F.Supp.2d 970, 973 (E.D. Mo. 2011) (holding that early in the litigation, "'the safer course for the court to follow is to deny a request to dismiss a counterclaim for declaratory relief a redundant unless there is no doubt that it will be rendered moot by the adjudication of the main action'") (quoting *Richmond v. Centurion Exteriors, Inc.,* No. 2010 WL 3940592, at*1 (M.D. Tenn. Oct. 6, 2010)); *see also Chapman v. The Washington University*, No. 4:12CV01892CAS, 2013 WL 3716391, at *2 (E.D. Mo. July 12, 2013) (same; denying motion to dismiss counterclaim); *Kansas City African Market, Inc. v. Mount Vernon Fire Ins. Co.*, No. 12-1103-CV-W-FJG, 2012 WL 5904308, at *2-3 (W.D. Mo. Nov. 26, 2012) (same; denying motion to dismiss counterclaim); *Handi-Craft Co. v. Travelers Cas. & Surety Co. of Am.*, No. 4:12CV63JCH, 2012 WL 1432566, at *3 (E.D. Mo. Apr.

25, 2012) (same; denying motion to dismiss counterclaim).1

*Amwest Surety Ins. Co. v. Concord Bank*, No. 4:00-CV-1988-SNL, 2003 WL 553229 at *1, 4. (E.D. Mo. Feb. 4, 2003), which Plaintiff cites in support of her motion, is not to the contrary. The court in *Amwest* granted a motion to dismiss a counterclaim for declaratory judgment, but in that case, the motion was filed only after significant discovery had occurred. *Id*. at *1, 4 (dismissing, just prior to trial, a counterclaim that had been on file for two years). In addition, the California and Illinois cases Plaintiff cites in support of her position represent a disfavored view not followed in this Circuit that such dismissals are appropriate at the outset of a suit. *See* 3 James Wm. Moore et al., Moore's Federal Practice ¶ 13.41 (noting that although some courts prohibit declaratory judgment counterclaims, finding them redundant, "[t]hese decisions appear unjustified under the text of Rule 13"). For these reasons, the Court concludes that dismissal of the counterclaim as duplicative is not appropriate at this stage of the litigation.

B. <u>Dismissal of Counterclaims for Declaratory Relief as Redundant</u>

Regardless of the timing of the motion, a counterclaim for declaratory relief will be dismissed as redundant only if all issues arising from the suit's nucleus of operative facts are adequately addressed by the complaint and the affirmative defenses. *See Fidelity Nat. Title Ins. Co.*, 788 F. Supp. 2d at 973 (quoting 6 Charles Alan Wright, et al., *Federal Practice & Procedure* § 1406 (3d ed.)). In the absence of such a requirement a plaintiff could, by way of voluntary dismissal, force a defendant to adjudicate in a different proceeding issues arising from the same nucleus of operative fact. To avoid this outcome, a defendant is entitled to assert by way of a counterclaim issues, claims and relief related to the facts alleged in the complaint. *Chapman*, 2013 WL 3716391, at *2.

A counterclaim will not be dismissed as redundant unless "a ***complete identity of factual and legal issues*** exist[s] between the complaint (and answer thereto) and counterclaim" and the party seeking the dismissal bears the burden of demonstrating that "complete identity." *Handi-Craft Co.*, 2012 WL 1432566, at *3 (denying a motion to dismiss a counterclaim) (emphasis added) (citation and internal quotations omitted). So long as it arises from the same nucleus of operative facts, a counterclaim will not be deemed redundant or duplicative even if it involves different parties, statutes, types of claims or forms of relief. *Id*. Moreover, a declaratory judgment counterclaim is not deemed redundant where the counterclaim uniquely seeks attorneys' fees. *See Chapman*, 2013 WL 3716391, at *2; *Kans. City African Market, Inc. v. Mount Vernon Fire Ins. Co.*, No. 12-1103-CV-W-FJG, 2012 WL 95904308, at *2-3 (W.D. Mo. Nov. 26, 2012) (denying motion to dismiss counterclaim; holding counterclaim was "not a mirror image" and was "distinct" and not redundant in part because counterclaimant "is also seeking recovery of its . . . attorneys' fees").

Here Plaintiff asserts a claim of retaliation premised upon her rights under the FLSA and in Count I of the counterclaim the University seeks a declaration that Plaintiff was properly classified as an exempt employee and thus not entitled to overtime pay under the FLSA. Resolution of Plaintiff's retaliation claim will not decide the exemption and overtime issues and therefore Count I of the counterclaim is not duplicative. Similarly, Count II of the counterclaim seeks a declaration that Plaintiff was not unlawfully denied FMLA leave, an issue not raised by her complaint but nonetheless arising from the same nucleus of operative facts.

In addition, the counterclaims raised on behalf of Williams, Plaintiff's former supervisor, are not subject to dismissal as duplicative because they address issues of individual liability not

5

raised in the complaint.  For example, although Williams is named as a defendant in Count V of the complaint, alleging retaliation under the FMLA, she is not named in the FLSA, MHRA or common law claims of the complaint.  In addition, Defendants seek relief on behalf of Williams as well as the University under the AEDA, FLSA and common law and seek to recover attorney's fees under several statutes including under the ADA, a statutory claim not raised in Plaintiff's complaint.  Thus the counts of the counterclaim involve different parties, statutes, and forms of relief and are not duplicative of the claims set forth in the complaint.  *See Chapman*, 2013 WL 3716391, at *2.

Plaintiff's assertion that Defendants' counterclaim is duplicative of their affirmative defenses also lacks merit.  *See Cairo Marine Serv., Inc. v. Homeland Ins. Co. of N.Y.*, No. 4:09-CV-1492CDP, 2010 WL4614693, at *1 (E.D. Mo. Nov. 4, 2010) (citation omitted); *see also Post Performance, LLC v. Renaissance Imports, Inc.*, 333 F. Supp. 2d 834, 838 (E.D. Mo. 2004) (holding that "courts regularly consider the merits of affirmative defenses raised by declaratory plaintiffs, and so [the declaratory defendant] is off the mark in advocating a blanket prohibition on raising affirmative defenses by declaratory action") (internal citation and quotations omitted). Federal Rule of Civil Procedure Rule 8(d) gives parties wide discretion to plead alternative forms of the same claims or defenses, as well as inconsistent claims or defenses.  *Cairo Marine Serv., Inc..*, 2010 WL4614693, at *1

In any event, the relief sought in the counterclaim is not identical to or "duplicative" of the affirmative defenses set forth in Defendants'' answer.  As noted above, Williams is not named in the FLSA, MHRA, or public policy wrongful discharge claims in the complaint.  Therefore, even if the University successfully defends against the claims set forth in the complaint, Williams will

not obtain the relief she seeks in the counterclaim. Similarly, the declarations sought with respect to liability under the ADA are not addressed by the affirmative defenses because the Plaintiff has not alleged a complaint under the ADA. Finally, Defendants' only prayer for attorney's fees is found in their counterclaim; such relief is not included among the affirmative defenses set forth in the answer.

For these reasons, even if dismissal of a counterclaim as redundant were legally proper at this early stage of the litigation, the Court could find no basis to conclude that any portion of the counterclaim is redundant or duplicative of the complaint.

C. Justiciablility

Plaintiff also contends that Counts I through III of the counterclaim should be dismissed because they do not present a justiciable controversy in accordance with the requirements of The Declaratory Judgment Act. The Declaratory Judgment Act provides that in "a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The Supreme Court has stated that the phrase "case of actual controversy" refers to the "type of 'Cases' and 'Controversies' that are justiciable under Article III." *MedImmune, Inc. v. Genetech, Inc*., 549 U.S. 118, 127 (2007). To invoke properly the Declaratory Judgment Act, resolution of an alleged dispute must provide definite and concrete relief, "as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Id*. (quotation omitted). The burden is on the party claiming declaratory-judgment jurisdiction to establish that such jurisdiction existed at the time the claim for declaratory relief was filed. *Powertech Tech.*

*Inc. v. Tessera, Inc.*, 660 F.3d 1301, 1306 (Fed. Cir. 2011).

The dispute must be "definite and concrete, touching the legal relations of parties having adverse legal interests;" and also must be "real and substantial. *MedImmune, Inc.*, 549 U.S.at (citations omitted). "Basically, the question . . . is whether the facts alleged . . . show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* (citations omitted). In this Circuit courts hold that this standard is met where "the parties' adverse legal interests were immediate and real at the time the [c]omplaint was filed." *Four Points Commun. Serv., Inc. v. Bohnert*, No. 4:13-CV-1003-JAR, 2013 WL4787752, at *4 (E.D. Mo. Sept. 9, 2013).

Upon review of the claims for declaratory relief set forth in the counterclaim, the Court concludes that they are justiciable because a real and substantial controversy – whether Defendants' discharge of Plaintiff from her employment violated the various statutes referred to in the counterclaim – existed between the parties at the time the suit was filed. Moreover, the Court is satisfied that all facts necessary to decide to whether Plaintiff was properly classified as exempt from overtime, whether she was improperly denied leave, and whether Defendants' treatment of her violated the ADA, the FLSA and the FMLA occurred during Plaintiff's employment, were established at the time the counterclaim was filed and do not depend upon contingent future events.

The ostensibly contrary authorities Plaintiff cites are inapposite. *See Texas v. United States*, 523 U.S. 296, 300 (1998) (dismissing as non-justiciable a request for a declaration that the Voting Rights Act would be violated in a hypothetical situation involving "contingent future events"); *Dakota, Minnesota & Eastern R.R. Corp. v. South Dakota*, 362 F.3d 512, 520-21 (8th

Cir. 2004) (holding that the record was insufficient to permit a determination that a Fifth Amendment taking had occurred and therefore declining to reaching the issue of justiciability).

D. The Counterclaim Adequately States Claims for Relief

Plaintiff's final ground for dismissal is that the counterclaim alleges only conclusions of law and fails to include substantive factual allegations to support its bare legal conclusions.

Under the standards set forth in *Ashcroft v. Iqbal*, to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. 662, 678-79 (2009) (holding that a claim has facial plausibility when it contains sufficient factual content to allow the court to reasonably infer that the defendant is liable for the misconduct alleged ) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Although the factual allegations of the counterclaim are somewhat thin, the Court is satisfied that Defendants allege sufficient facts to give the counterclaim facial plausibility and to put the Plaintiff on notice of the claims alleged. Defendants admit certain of the facts set forth in the complaint and allege that their counterclaims arise out of the same core of operative facts as the complaint. (ECF No. 6 Answer, ¶¶ 1-7.) And in each count of the counterclaim, Defendants refer to the facts that they will need to prove in order to show that they are not liable to Plaintiff under the FLSA (ECF No. 6, Countercl. ¶¶ 10-13), FMLA (*id.* ¶¶ 18-20), ADA (*id.* ¶¶ 26-27), MHRA (*id.* ¶¶ 32-33) or common law (*id.* ¶¶ 38-40). In addition, the facts regarding the FLSA exemption are adequately alleged. (ECF No. 6; Answer ¶¶ 4, 6; Countercl. ¶ 11), (ECF No. 1-1 ¶¶ 4, 6, 8, 53).

Despite Plaintiff's contention to the contrary, neither the Federal Rules of Civil Procedure

9

counter-claimant must specify the statute or law upon which the claim is based." *Guarantee Co. of N. Am., USA v. Middleton Bros., Inc.*, No. 1:10-CV-11-SNLJ, 2010 WL 2553693, at *2 (E.D. Mo. June 23, 2010). Moreover, Defendants have explicitly pled that "[Plaintiff] was properly classified as an exempt employee and was not entitled to overtime pay pursuant to 29 U.S.C. § 213 and applicable regulations." (ECF No. 6. Countercl. ¶ 11.)

Plaintiff also contends that the counterclaim should be dismissed because Defendants have not explained why their defenses are meritorious and why their decision to terminate Plaintiff was valid and non-retaliatory. However, that level of specificity is not required at this stage of the litigation, particularly where the relief sought is a declaration that the statute(s) in question were not violated. Where, as here, Defendants have pled enough facts to give their claims plausibility and to put Plaintiff on notice, their counterclaim plainly meets the pleading requirements of Rule 8 and is adequate to survive a motion to dismiss for failure to state a claim. *See Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir.2008), cert. denied, 129 S.Ct. 222 (2008) (stating that a pleader "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level") (quoting *Twombly*, 550 U.S. at 555-56 & n. 3)).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to dismiss Defendant's Counterclaims is **DENIED**. (ECF No. 10.)

Dated this 23rd day of January, 2015

*Terry I. Adelman*
TERRY I. ADELMAN
UNITED STATES MAGISTRATE JUDGE