IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHANDRA BAILEY-TODD, | ) | |
| Plaintiff/Counterclaim Defendant, | ) | |
| | ) | |
| v. | ) | Case No.: 4:14-CV-00384-TIA |
| | ) | |
| THE WASHINGTON | ) | |
| UNIVERSITY, et al., | ) | |
| Defendants/Counterclaimants. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiff/Counterclaim Defendant Chandra Bailey-Todd ("Plaintiff") brings this employment discrimination action against Defendants/Counterclaimants (collectively, "Defendants"), The Washington University ("the University") and its employee, Cynthia Williams ("Williams"); arising out of Plaintiff's employment with the University. Now before the Court is Plaintiff's Motion to Quash Defendants' Subpoena Duces Tecum Directed to Third Party Arizona State University. (ECF No. 37). For the reasons set forth below the motion to quash will be denied.

On February 20, 2015, Defendant directed a document subpoena to Plaintiff's current employer, Arizona State University ("ASU"), seeking documents relating to Plaintiff's payroll and benefits records and Plaintiff's personnel file, including her employment application, performance reviews and evaluations, disciplinary action records and related documents and correspondence. On February 22, 2015, Plaintiff moved to quash the subpoena asserting that the requests are cumulative and burdensome to ASU. In addition, Plaintiff asserts unspecified privilege and privacy concerns as well a threat to her current employment.

In response, Defendants contend that Plaintiff's motion is procedurally defective and that even if the deficiencies are overlooked, the substantive objections Plaintiff raises to the production of the documents lack merit. Defendants also seek to recover the attorney's fees they have expended in opposing the motion.

Under the Court's Local Rule 37-3.04, before filing motion related to a discovery dispute, the party filing the motion is required to attempt to meet and confer with the opposing party in order to resolve the dispute. E.D. Mo. L. R. 37-3.04 (A). In this case Plaintiff does not certify

and the record nowhere reflects that she attempted to comply with the "meet and confer" requirement of Local Rule 37-3.04 before filing her motion to quash. A party's failure to comply with Local Rule 37-3.04, requires the Court to dismiss the motion without prejudice pending a certification of such compliance. E.D. Mo. L. R. 37-3.04 (A). However, as discussed below, even if Plaintiff had complied with Local Rule, the Court would be forced to deny the motion to quash because the Court lacks authority under the Federal Rules of Civil Procedure to entertain the motion.

Pursuant to the Federal Rule of Civil Procedure Rule 45,[1] absent consent by the subpoenaed party to a transfer or a finding of extraordinary circumstances, a motion to quash must be brought in "the court for the district where compliance is required." Fed. R. Civ. P. 45(d)(3), (f). Plaintiff neither alleges nor demonstrates ASU's consent to a transfer or extraordinary circumstances warranting such a transfer. For that reason, the Court concludes that it lacks authority under Rule 45(d) to consider this motion. *See AngioScore, Inc. v. TriReme Med., Inc.*, No. 12-CV-03393-YGR, 2014 WL 6706873, at *1 (N.D. Cal. Nov. 25, 2014).

Moreover, as Plaintiff correctly asserts, even if the Court had authority to consider the motion, Plaintiff lacks standing to seek an order quashing the subpoena unless she can raise a legitimate claim of privilege. *See Mayhall v. Berman & Rabin, P.A.*, No. 4:13- CV-00175-AGF, 2013 WL 4496279, at *3 (E.D. Mo. Aug. 21, 2013) (holding that a party lacks standing to seek an order quashing a subpoena where there is no privilege asserted and where any burden related to the response would be felt by a third party).

Therefore, for the reasons set forth above, the Court will deny the motion to quash without prejudice to its proper presentation in the United States District Court for the District of Arizona or as otherwise permitted in accordance with Federal Rule of Civil Procedure 45.

Accordingly,

---

[1] Rule 45 was amended in 2013 and the amended version of the Rule requires that subpoenas issue from the court where the action is pending. Fed. R. Civ. P. 45(a)(2). The prior version of the Rule gave the issuing court jurisdiction over motions to quash subpoenas, *see* Fed. R. Civ. P. Rule 45(c)(3) (2012), but the current version provides that it is "the court for the district where compliance is required" has jurisdiction to quash or modify subpoenas. S*ee* Fed. R. Civ. P. 45(d)(3) (2014). Thus, "'[u]nder the current version of the Rule, when a motion to quash a subpoena is filed in a court other than the court where compliance is required, that court lacks jurisdiction to resolve the motion.'" *AngioScore, Inc. v. TriReme Med., Inc.*, No. 12-CV-03393-YGR, 2014 WL 6706873, at *1 (N.D. Cal. Nov. 25, 2014) (quoting *Agincourt Gaming, LLC v. Zynga, Inc.*, No. 14–CV–0708, 2014 WL 4079555, at *3 (D. Nev. Aug. 15, 2014)).

**IT IS HERBY ORDERED** that Plaintiff's Motion to Quash Defendant's Subpoena Duces Tecum Directed to Third Party Arizona State University is **DENIED without prejudice** to presentation in the United States District Court for the District of Arizona or as otherwise permitted in accordance with Federal Rule of Civil Procedure 45. (ECF No. 37).

**IT IS FURTHER ORDERED** that Defendant's motion for attorney's fees is **DENIED**.

Dated this __3rd___ Day of March, 2015.

*Terry I. Adelman*
UNITED STATES MAGISTRATE JUDGE